SHAHOOD, Judge.
The State of Florida charged Robert Goe-let, the appellant, by information with carrying a concealed firearm (CCF) in violation of section 790.01(2), Florida Statutes (1993). Goelet filed a timely motion to suppress tangible evidence seized from his automobile by the police, which the trial court denied. Appellant seeks review of the trial court’s denial of his motion to suppress, alleging that he was denied his rights guaranteed him pursuant to the Fourth Amendment of the United States Constitution and Article 1, Section 12, of the Florida Constitution. We affirm the ruling of the trial court.
Section 901.151, Florida Statutes (1991), customarily and statutorily referred to as “Florida Stop and Frisk Law,” provides in part as follows:
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
[[Image here]]
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
§ 901.151(2), (5), Fla.Stat. (1991).
This statute considered together with Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 *1169 L.Ed.2d 889 (1968), permits a law enforcement officer to conduct a protective search where the officer has an articulable suspicion that an individual is armed and dangerous and the officer has reason to believe that a crime has been committed or is about to be committed. The United States Supreme Court extended Terry in Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), to permit protective searches of the passenger compartment of an individual’s vehicle during a lawful investigatory stop provided that the search was reasonable under the principles set forth in Terry.
While subsection five of the “Florida Stop and Frisk Law” states that an officer must have “probable cause” before engaging in a “valid frisk,” the Florida Supreme Court has held that “what is required for a valid frisk is not probable cause but rather a reasonable belief on the part of the officer that a person temporarily detained is armed with a dangerous weapon.” State v. Webb, 398 So.2d 820 (Fla.1981).
In the instant case, we find that the officer had the requisite “reasonable belief’ that appellant was armed with a dangerous weapon; therefore, we hold that the search of appellant’s vehicle, was a valid and lawful protective search.
AFFIRMED.
POLEN, J., concurs.
SPEISER, MARK A, Associate Judge, dissents with opinion.